Good morning Illinois appellate court first district court is now in session the third division the honorable justice Robert E Gordon presiding case number 22-0304 Diane Petrungaro v. Jayachandran Good morning would the lawyers who are going to argue the case please introduce yourself to the I'm here on behalf of the plaintiff appellate. Good morning justices Robert Larson L.A.R.S.E.N. on behalf of the defendant's appellants. Okay now is there going to be a time that you're going to reserve for rebuttal Mr. Larson? I would like to reserve a little bit of time for rebuttal your honor. How much time you know you have 15 minutes and perhaps so 15 minutes total if I could do 10 minutes as initial and five minutes in rebuttal. Yeah well what we do is we let you argue for 10 minutes and then we ask you questions we may not have questions I don't know but if we do that that's the way we'll do it so I'll stop you at a point so you can proceed. Thank you so good morning justices counsel may it please the court I'm confident you've read all the briefs and this is an area of law with which this court is well familiar I know these motions are relatively common so my focus is going to be on a few key factual issues and public policy issues. Dr. Jaya Chandran is a Kane County resident and Kane County professional she lives and works within a couple of miles of the Kane County courthouse radiology subspecialists practices solely in Kane County within a half a mile of the Kane County courthouse. The care at issue here and this is not in dispute all took place in Kane County plaintiff's counsel has referenced the fact that at some point his client was a resident of Cook County while receiving care but that care took place in Kane County plaintiff chose where to receive her medical care both when she was living in Cook County and when she was living in Kane as such she chose a Kane County hospital and in Kane County defended doctors neither RSNI nor Dr. Jaya Chandran chose the plaintiff she chose her forum by making that choice and as the Illinois Supreme Court has long held and as this court is well familiar when the plaintiff is foreign to the forum chosen and the action that gives rise to the litigation did not is no longer reasonable instead it is reasonable to conclude that the plaintiff engaged in forum shopping to suit her individual interests a strategy contrary to the purposes behind the venue and forum rules that is the case here. I have a question I don't mean to interrupt but since Cook County seems to be no one's resident county and it's inconvenient for everybody geographically right the court looked at the totality of circumstances determined well then Cook County it is so you know where's where is the where's the actual abuse here by the court when they looked at the totality of the circumstances considering that you know Cook County really is not going to you know work out every for everybody geographically. If I understand your your question justice I think the court abused its discretion in the the factors that have long been the factors recognized by the Illinois Supreme Court in making the determination. For instance the court said that the factor the factor of convenience of the parties that that Cook County was only slightly more convenient for the defendants. Respectfully that's absurd. Dr. Jarrett Charmden lives 45 and a half miles from the Daly Center and 2.9 miles from the Kane County Courthouse. I did a little research this morning a drive from there to downtown Chicago during rush hour would take roughly an hour and a half. A drive to Kane County would take about five minutes. Radiology subspecialists has its offices a half a mile from the courthouse and 45 miles from the Daly Center. Those are relevant considerations. They're also relevant considerations when considering the public interest factors. Kane County has a significant connection to this litigation. Cook County does not. Both the court and plaintiff's in our brief referenced probably 50 times Northwestern. You hear the word Northwestern over and over and over again. Why? Northwestern is not a party to this litigation. They never have been. No Northwestern witness has been identified much less a Northwestern witness from Chicago or Cook County who would be testifying at trial. So why do we keep hearing about Northwestern? Again this was plaintiff's choice. If plaintiff felt that Northwestern medicine was a party that should be involved in this case, plaintiff could have chosen to sue Northwestern in this case and perhaps thereby established venue and or identified Northwestern witnesses from Chicago who would be testifying at trial and thereby establish some basis and relevant connection to Cook County. Plaintiff did not. We have a Kane County defendant doctor in a Kane County corporation against an out-of-state plaintiff. The trial court referred to the affidavits of Dr. Jayachandran and Dr. Persak as boilerplate. Why? Why are they boilerplate? The doctor and the both doctors explained in detail why they felt, and it should be fairly obvious, why Kane County is far more convenient for them than is Cook County. So why are they referred to as boilerplate? Why are they given short shrift by the trial court? We assert that's an abuse of discretion. The form non-convenience analysis is founded in principles of fundamental fairness. Again, Dr. Jayachandran and RSNI did not choose Cook County as a place to provide services to the plaintiff. Plaintiff chose these Kane County residents as a place to receive her care. So why are we in Cook County? Fundamental fairness suggests this case should be where the care took place and where the defendants have chosen to operate their business and where the plaintiff chose to receive her care. It's also, I think, important and relevant, and the trial court seems not to have given much consideration to this, that the defendant doctor is the one who's going to be in court every single day. Yes, there are a couple of other witnesses. They identify the plaintiff's son, who's from Will County, not identifying why it's really any closer to the DuPage, I mean, the Kane County courthouse or Geneva. The trial court also miscounts the number of witnesses and says, well, the witnesses are scattered amongst the various counties. No, six of the witnesses from Illinois are in Kane County. One witness, the son lives in Will County. One doctor, the plaintiff's former obstetrician gynecologist, who supposedly has knowledge about some of the care, but whose care is absolutely not at issue in this case, lives in Cook County. Kane County does enjoy a predominant interest in this litigation. Everyone else is from North Carolina, and the trial court again made a rather strange suggestion that the court, by issuing a subpoena, could get any unwilling witness because no part of the case took place in North Carolina. Well, plaintiff's counsel's own argument is to the that, in fact, part of the care in North Carolina is relevant, but those witnesses aren't going to fly into Chicago. Counsel says, well, if I choose to, quote, orchestrate the case that way, I will bring them into Chicago, but orchestration is not a means to justify a case being in Cook County, as opposed to Kane County. That's forum shopping. The witnesses are likely to testify by trial evidence deposition, and it doesn't really matter whether it's in Kane County or Cook County, but to the defendants, it is very significant. They've chosen where to locate their businesses, and someone like Dr. Jayachandran, who the jury is going to be expecting to be in court every single day, and I've actually had jurors question why a doctor wasn't in court, will have to drive, make that long rush hour drive in the morning and in the evening every single day to come to Cook County, will not be able to attend to the doctor's patients out in Kane County in the mornings or the that will impact Kane County residents because of the time that doctor is taken away from the doctor's practice. I have a question about one of the witnesses, Dr. Joseph Persek. You identify him as a primary trial representative. What's that? Primary trial representative, because as your honor is no doubt aware, the corporation is a corporation. It's a company that has the rights as an individual, but when the corporation doesn't have a face to the name of the corporation, that impacts the way the jury views the corporation, regardless of the instructions the trial court may give. It has always been. Sorry, so is this doctor going to be at trial every day as well? That would be the expectation, that we would have the trial representative there so the jury knows what RSNI does, how it operates, because that seems to be at issue in this case, and so there's a face to the name of the corporation when the jury considers the case. Let me ask you this for a moment. We're going to be time for questions. I noticed that you didn't designate who your expert witness will be in this case. Is that somebody from Kane County, or is it going to be from Cook County? We haven't even gotten to that point, your honor. We haven't decided that. One, I've never considered that, and I don't think the court has considered that to be a terribly relevant factor, because one could manipulate the forum process by choosing an expert witness in one county or another. I think there's case law that speaks to that issue, and the experts are being paid for their time, regardless of where they go. Dr. Jayachandran is not being paid for Dr. Jayachandran's time in sitting in a courtroom. Well, it's still a consideration whether they're paid or they're not paid, but you can't consider it when you don't know who it is, who it's going to be. You understand that this is an abuse of discretion, so we have to find that. No reasonable judge would do this. It's not what I would do or what one of the justices would do if had the case. It's for us to decide whether any reasonable judge would grant or deny this motion. You understand that that's the standard? I certainly do, Justice Breyer. Is there any other questions by any other members? Okay, you still have some time, but you want to hold that for rebuttal? I can do that. Thank you, Justice. All right. All right, Mr. Raczek. Thank you. Good morning, Your Honors. As I said, Michael Raczek. I'm here on behalf of the point of faculty, Diane Pedram-Garl. As Justice noted, the question is simply whether the trial court abused its discretion, and I think we all recognize, certainly the courts, the opinions have recognized that's a high hurdle. It's not just that they have to overcome a small buff. They have to show that the court really erred. No other judge would reasonably do it, and when you look at the evidence in this case, and as with all the forum nonconvenience cases, these cases are driven almost solely by the facts. The contacts are spread out, both in terms of where the parties live, both in terms of where the parties live, and in terms of the connections between the events and the various counties. By the way, I welcome questions at any time as if we were using a real live format, which I hope we can get back to at some point in the future. I think in particular, and you saw a stress in our brief, the connection between Cook County and this event isn't limited to examining the mistake that the doctor made in 2018. The trial court judge recognized that it goes back to 2016, when Dr. Nasrallah first made the first mistake and simply wrote down the process of surgery on the right breast that occurred, which never occurred. That clearly, at least in the trial court's eyes, accepted that as being a relevant part of the case. That created a contact between Cook County, because that's where Diane resided in 2016, and the case. The other contacts involved both Dr. Hollenbeck, who counsel mentioned, who is the treating doctor at the time of the first surgery in 2002, which is relevant to show what was done and what was not done, particularly that nothing was done on the right breast that would have caused Dr. Nasrallah and then Dr. Jack Hondren to make the mistake in 2016 and 2018, but Dr. Cannon, who was the OB-GYN during the period from I think 2015 to 2017, who also resides in Cook County. The other doctors, of course, the other in North Carolina, and it could not be, I don't think, an abusive discretion for the trial court judge to say, these people are going to have to fly here. They're going to come through O'Hare Airport. I think the Emberman case pointed out that that's the gateway. It happened to be a Kane County case. It's simply easier for them to come to Chicago, as it is for the plaintiff, as it is for her daughter, as it is for almost all the witnesses. I know we have Dr. Persak. We don't know where he lives. I don't know if it's inconvenient for him or not. I do know, and this did not come up, Council mentioned how difficult it would be for the defendant doctor to appear in Cook County, but keeping in mind, at least according to the trial court filing, the doctor has a vacation home, a vacation condo in Chicago. It can't be terribly difficult for the doctor to come here if that's where the vacation home is. So the bottom line is, looking across the board, the trial court saw a situation with people scattered in Kane and Cook at the time and Will and North Carolina, a classic scattered party and witness scenario. And in terms of looking at the contacts, the court was looking at a situation where five percent of this Kane County businesses business patrons come from Cook County. That's what attracted Diane Petring-Gouw. She's one of the five percent that went there. So Cook County does have an interest in the matter, very much, I think, like the Malloy case where the court held that the fact that the cream that was at issue in that case that started the problems, the doctors in that case had prescribed the cream that should not have been prescribed. That cream, the court noted, had been used in Cook County. In fact, we considered that in determining whether or not the trial court judge had abused its discretion in denying transfer. And we have the same situation here. You have five percent of this clinic's business coming from Cook County. Between that and between Diane living here when the first mistake was made, I would suggest it's very difficult to find that that trial court judge abused the discretion by making a decision no one would make unless the court has further questions. I think we have covered everything else in our briefs. I have one question with regards to counsel's argument that there was a trial court had made, and I believe the plaintiff also had made several references to Northwestern and Del Nor, but they don't appear to be parties to this litigation. I'm happy to go there. I appreciate that. I actually should have mentioned that. But the records show that in some way Northwestern Medical Group is the overall umbrella for all of this. The doctors in Kane County, including Dr. Jaya Kandran, who was very forthright in her deposition, said, no, I may practice in Kane County, but I report to these people in Cook County. We have meetings in Cook County. They're chaired by somebody from Northwestern Medicine. We've shown Northwestern Medicine follows Northwest Memorial Health Care Service, and they're a medical institution that in some way has these various other hospitals. They own them, or somebody in Northwestern owns them, and they've got them connected to what's called one system. Surely that gives Cook County a real connection here. It's not an isolated outpost with this claim, just sitting out there in the hinterland someplace. They've got a huge connection to Cook County. As a matter of fact, Dr. Jaya Kandran and the other employees of this clinic, if the court recalls, have to become members of the Northwestern Medical Partnership or something like that, which is a Cook County institution or organization affiliated with Feinberg School of Medicine at Northwestern in Chicago, in Cook County. Well, I think the other part of their argument is that they're not parties to the litigation. That's correct. I agree, and they should be. They didn't do anything wrong. Why would we sue somebody who didn't do anything wrong? But the point is, the connection between, at least I think our point is, the connection between Dr. Jaya Kandran and the clinic in Kane County is created by its connection with Northwestern here, and that gives Cook County an interest in the case. When the people that are somehow involved in working with Jaya Kandran and the clinic, furnishing its equipment, furnishing its technicians, and the technician, who we don't know, we don't know where she lives, but Northwestern Medicine, which was Northwest Memorial, said, don't worry, we'll take the subpoena for her. They're in Cook County. All that gives Cook County an interest. That's why it's not a question of whether they're a party or not. The court has always looked to where witnesses have to come from, and has looked to where, more importantly, where the connections are. Does the county have a connection with the case? I believe that's the connection here. Other than that, as for the questions, we simply ask for affirmance. Okay, let's hear from the appellants. Thank you, Justice. Briefly, I'll just address a few things that we just heard here. First of all, there were a whole lot of sort of vague comments that are designed to vaguely tie Northwestern to this. It's the overall umbrella of all of this. They have meetings in Cook County. In some way, surely there must be a connection. That doesn't establish any basis for a forum non-convenience analysis. Tell us what witnesses would be called at trial. Tell us, and counsel even said, they didn't do anything wrong. Northwestern didn't do anything wrong. So their care is not an issue in this case. We are not going to hear from any Northwestern's campus, from any Northwestern folks. So why does the name keep coming up? It's because it's a watchword. It's a way of creating this illusion that there's a connection to Cook County. Counsel represents the Molloy case. I happen to have argued the Molloy case. The Molloy case centered on the notion of a cream, esterase cream, that was distributed in Cook County, but consider the distinction between that and what we have here. In that case, and the Molloy court focused on the that the defendant chose to distribute or to do business in Cook County. The fact that a Cook County resident may come from Cook County to go to Kane County for care is not the Kane County defendant putting itself into Cook County. It's an entirely different scenario. When we want to insert themselves into another county, then it's probably not really fair for them to say, well, you know what, I know I do business. I seek out business in Cook County, but I don't really have a connection there. It's an entirely different matter when people from Cook County come to an adjacent county that has a very small connection to Cook County and say, I want to go to a Kane County business for my care, but then if something goes wrong, I'm going to sue them and drag them to Kane, to Cook County. As to your honor's questions about where there is an abuse of discretion, we pointed out several of those issues. First of all, counsel's statement that I have to prove that no other judge would do it, that's not actually the standard. The standard is whether it was unreasonable, arbitrary, fanciful, the court is well aware of the standard for an abuse of discretion. I don't have to prove that every living judge would do differently. If the court looks at the order actually written by the trial judge, there are multiple places where the trial judge miscounts the number of witnesses from Kane County and then analyzes that and saying, well, there's not a predominant interest in Kane County. Well, there isn't when you're not counting the number of witnesses correctly, but that's not an appropriate exercise of discretion to not understand the facts before the court. Plaintiff's counsel keeps bringing up and the court talked about this issue of the plaintiff having resided in Cook County in 2016. How does that create a connection to Cook County or an interest of Cook County? The plaintiff was a resident of Kane County in the last couple of years of her care when the specific allegations of negligence have occurred, but the relevance for forum nonconvenience purposes is her residence at the time the lawsuit was filed, which is North Carolina. She is not a resident. This is a case between a North Carolina resident who previously sought care and resided in Kane County and two Kane County defendants. And yet we're treated to this notion that, well, where one of the defendants works, some umbrella corporation where they're on medical staff has connections to Chicago that are totally to try to create a connection to Cook County. And the trial court respectfully bought into that and the court should not have. We hear about care in 2002 in Cook County. What possible relevance does that have? That care is not at issue in the case. Plaintiff references an obstetrician gynecologist or former OB as one of the witnesses in Cook County. What possible relevance does that witness have to the trial that OB's care is not at issue in this case? So we bring up these irrelevancies and respectfully, the trial court bought into those relevancies in reaching a conclusion that the very compelling interests that the defendants have, the overwhelming convenience to the defendants was only a slight interest in keeping the case in Kane County when that's simply not true. That is where the trial court abused its discretion. It considered factors it should not have considered. It miscounted witnesses. It disregarded the compelling interest of the defendants or diminished it unfairly. And in those arguments, we believe that the trial court abused its discretion. We are asking that this court overturn and correct that error, reverse the trial court's ruling in order that this matter be transferred from Cook County to Kane County in standard. You know, you mentioned at the beginning of your argument, forum shopping, but you didn't use that as an argument in this case anywhere. It's not in the record of the case. It's actually in the trial judge's order. It refers to the fact that the plaintiff is entitled to less deference because the case, because she's not a resident there. I don't know if the specific term. No, foreign shopping would mean that, you know, you don't want it in Kane County because the verdicts are less in Kane County than they are in Cook County. Nobody seemed to, especially you, you didn't talk about that. Well, that is an assumption based upon Illinois Supreme Court case law, which we've cited, the Dowdy case, D-A-W-D-Y. The presumption is forum shopping when the forum that's chosen is a forum that's foreign to the place where the carrot issue took place and where the plaintiff resides. So that is the. Well, my question is, I don't think you would develop that in your brief or in your argument before the circuit court, you know, the foreign shopping, because, you know, that's an interesting question. And then there's the, you know, a question where the appellee here. You know, didn't you know, when we talk about fairness, the jury panels in Kane County, many of those jurors will know the doctors and may have been treated by those doctors. You know, that might be a consideration, but we can't consider what's not in the record. I just want to point that out to you. I tried many cases in Kane County. Of course, that was many, many years ago, 25, 30 years ago. But. You're just a child, your honor. Yeah. You know, the jury, the jurors knew all the doctors, at least, you know, some of the jurors knew the doctors. They were treated by the doctors. That can be handled in voir dire, obviously. I just tried a case in Kane County in July. Well, of course, of course, you know, you have to. It's a real problem. All right. Well, we'll take this case into consideration. We appreciate the briefs that you guys have filed and, you know, very professional and very professional arguments. And we'll decide this case on the law as made and provided. And you'll have a decision very shortly. Thank you very much. Thank you. Court is adjourned.